1  THOMAS P. BROWN (S.B. #182916)
   tbrown@omm.com
2  KATHERINE M. ROBISON (S.B. #221556)
   krobison@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, California  94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Defendants
   eBay Inc. and PayPal, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12  CHARLOTTE SMITH, et al.,                    Case No. C-10-03825-JSW

13              Plaintiffs,               **DEFENDANTS' NOTICE OF MOTION
                                          AND MOTION TO DISMISS
14        v.                              PLAINTIFFS' FIRST AMENDED
                                          CLASS ACTION COMPLAINT**
15  EBAY CORP., et al.,
                                          Hearing Date:  December 16, 2011
16              Defendants.               Time:  9:00 a.m.
                                          Place:  Courtroom 11, 19th Fl.
17                                        Judge:  Hon. Jeffrey S. White

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on December 16, 2011 at 9:00 a.m., or as soon thereafter as counsel may be heard on this matter, in the above-captioned Court, at 450 Golden Gate Ave., San Francisco, CA 94102, in Department 11, Defendants eBay Inc. and PayPal, Inc. will and hereby do move the Court to dismiss Plaintiffs' First Amended Complaint.  This motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs have failed to state a claim on which relief can be granted.  Specifically, Plaintiffs have not alleged facts to plead any cause of action against eBay or PayPal under the Sherman Act or any other cause of action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Thomas P. Brown in support of the motion, the argument of counsel, and any other matters properly considered by the Court at the hearing on this motion.

Dated:   October 4, 2011

O'MELVENY & MYERS LLP


By: /s/ Thomas Brown
Thomas Brown
Attorneys for Defendants
eBay Inc. and PayPal, Inc.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ........................................................................................ v

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

INTRODUCTION ........................................................................................................ 1

STATEMENT OF THE CASE ......................................................................................... 1

      A.    The Parties.................................................................................................. 1

      B.    Paying for Purchases in eBay's Electronic Marketplace ............................ 2

      C.    Plaintiffs' Claims ....................................................................................... 2

            1.    Monopolization and Attempted Monopolization.......................... 2

            2.    Tying (Sherman § 2) ................................................................... 3

            3.    Tying (Sherman § 1) ................................................................... 3

            4.    "Improper Collection of Shipping Fees as Part of Final Value Fee"................................................................................... 3

            5.    Injury ......................................................................................... 3

      D.    In re eBay Seller Antitrust Litigation......................................................... 4

LEGAL STANDARD....................................................................................................... 4

ARGUMENT .................................................................................................................. 5

     I.    PLAINTIFFS' ANTITRUST CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ................................................................... 5

     II.    PLAINTIFFS DO NOT ALLEGE AN ILLEGAL TYING ARRANGEMENT ...................................................................................... 6

      A.    Plaintiffs Do Not Sufficiently Allege the Existence of a Tying Arrangement.............................................................................. 7

      B.    Plaintiffs Do Not Allege an Actual Adverse Effect on Competition .......... 7

     III.    PLAINTIFFS FAIL TO STATE A SECTION TWO CLAIM OR A SECTION ONE TYING CLAIM BECAUSE THEY FAIL TO ALLEGE FACTS SUPPORTING THEIR RELEVANT MARKETS................................... 8

     IV.    PLAINTIFFS FAIL TO ESTABLISH ANTITRUST STANDING BECAUSE THEY HAVE NOT ESTABLISHED A CAUSAL CONNECTION BETWEEN AN ANTITRUST INJURY AND ANY ANTICOMPETITIVE ACTION ...................................................................... 11

     V.    PLAINTIFFS' FIFTH COUNT FAILS BECAUSE IT HAS NO LEGAL BASIS ........................................................................................................ 13

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Amerinet, Inc. v. Xerox Corp.*,
   972 F.2d 1483 (8th Cir. 1992)................................................................................. 7

*Apple, Inc. v. Psystar Corp.*,
   586 F. Supp. 2d 1190 (N.D. Cal. 2008) ................................................................. 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)................................................................................ 5, 7, 14

*Atl. Richfield Co. v. USA Petroleum Co.*,
   495 U.S. 328 (1990)............................................................................................ 11

*Aurora Enters. v. NBC*,
   688 F.2d 689 (9th Cir. 1982).............................................................................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................... 5

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
   182 F.3d 1096 (9th Cir. 1999)............................................................................. 9

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1977)............................................................................................ 11

*Chapman v. N.Y. State Div. for Youth*,
   546 F.3d 230 (2d Cir. 2008)............................................................................... 10

*Colonial Med. Group, Inc. v. Catholic Healthcare W.*,
   No. C-09-2192-MMC, 2010 WL 2108123 (N.D. Cal. May 25, 2010)................... 10

*Driskill v. Dallas Cowboys Football Club, Inc.*,
   498 F.2d 321 (5th Cir. 1974)............................................................................. 8

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
   504 U.S. 451 (1992)........................................................................................... 7

*Forsyth v. Humana, Inc.*,
   114 F.3d 1467 (9th Cir. 1997)........................................................................ 9, 11

*Golden Gate Pharmacy Servs., Inc. v. Pfizer, Inc.*,
   No. C-09-3854-MMC, 2010 WL 1541257 (N.D. Cal. Apr. 16, 2010)................... 9

*In re eBay Seller Antitrust Litig.*,
   545 F. Supp. 2d 1027 (N.D. Cal. 2008) ....................................................... 4, 7, 8

*In re eBay Seller Antitrust Litig.*,
   No. 10-15642, 2011 WL 1749206 (9th Cir. May 9, 2011) ..................................... 4

**TABLE OF AUTHORITIES**
(continued)

**Page**

*In re eBay Seller Antitrust Litig.*,
   No. C 07-01882 JF, 2010 WL 760433 (N.D. Cal. Mar. 4, 2010) .................................. 4, 10, 12

*In re Online DVD Rental Antitrust Litig.*,
   No. M 09-2029, 2010 WL 2680837 (N.D. Cal. July 6, 2010) ................................. 12

*In re Online DVD Rental Antitrust Litig.*,
   No. M-09-2029, 2009 WL 4572070 (N.D. Cal. Dec. 1, 2009) ................................. 12

*Kypta v. McDonald's Corp.*,
   671 F.2d 1282 (11th Cir. 1982)................................................................ 13

*Legal Econ. Evaluations, Inc. v. Met. Life Ins. Co.*,
   39 F.3d 951 (9th Cir. 1994)................................................................. 11

*Les Shockley Racing v. Nat'l Hot Rod Ass'n*,
   884 F.2d 504 (9th Cir. 1989)................................................................ 11

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)................................................................. 5

*N. Pac. R. Co. v. United States*,
   356 U.S. 1 (1958)........................................................................... 7

*Pace Indus., Inc. v. Three Phoenix Co.*,
   813 F.2d 234 (9th Cir. 1987)................................................................. 6

*Queen City Pizza, Inc. v. Domino's Pizza, Inc.*,
   124 F.3d 430 (3d Cir. 1997)................................................................. 9

*Rick-Mick Enters., Inc. v. Equilon Enters. LLC*,
   532 F.3d 963 (9th Cir. 2008)................................................................. 9

*Salsman v. Access Sys. Americans, Inc.*,
   No. C 10-01865-PSG, 2011 WL 1344246 (N.D. Cal. Apr. 8, 2011)....................................... 14

*Siegel v. Chicken Delight*,
   448 F.2d 43 (9th Cir. 1971)................................................................. 7, 8

*Stagner v. Luxottica Retail N. Am., Inc.*,
   No. C 11-02889 CW, 2011 WL 3667502 (N.D. Cal. Aug. 22, 2011) ..................................... 14

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
   No. CV F 09-0560-LJO(SMS), 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) ......................... 6

*United Magazine Co. v. Murdoch Magazines Distrib., Inc.*,
   146 F. Supp. 2d 385 (S.D.N.Y. 2001)........................................................ 8

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

# TABLE OF AUTHORITIES
(continued)

**Page**

*United States v. E.I. du Pont de Nemours & Co.*,
   351 U.S. 377 (1956) ................................................................................................ 9

*Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*,
   540 U.S. 398 (2004) ................................................................................................ 8

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
   382 U.S. 172 (1965) ................................................................................................ 9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
   401 U.S. 321 (1971) ................................................................................................ 5

## STATUTES

15 U.S.C. § 15(a) ................................................................................................ 11, 12

15 U.S.C. § 15b ........................................................................................................ 5

## OTHER AUTHORITIES

Timothy J. Muris, *Payment Card Regulation and the (Mis)Application of the
   Economics of Two-Sided Markets*, 2005 Colum. Bus. L. Rev. 515 (2005) ............................. 13

## RULES

Fed. R. Civ. P. 8 ........................................................................................... 12, 13, 14

## SUMMARY OF ARGUMENT

This case reduces to a single question:  whether Plaintiffs can convert a personal dissatisfaction with eBay's fees into a federal antitrust case based on eBay's acquisition of PayPal nearly a decade ago.  As the First Amended Complaint makes clear, the answer is no.

Plaintiffs' antitrust claims are time-barred because they stem from eBay's acquisition of PayPal in 2002, well outside the applicable four-year statute of limitations.[1]  Nor can Plaintiffs evade the statute of limitations by alleging that they continue to pay "supracompetitive" fees as a result of that acquisition, because continued payment of fees does not convert the PayPal acquisition into a "continuing violation" for purposes of restarting the statute of limitations.[2]

Plaintiffs' claims also fail for other reasons as well.  They challenge as a "tying arrangement" a practice—offering PayPal as a payment method on eBay—that does not meet the legal definition of a tying arrangement.[3]  The allegations that they offer in support of their alleged market for "online payment systems for use on online auctions" does not take into account reasonably interchangeable alternatives or explain why such a market must be limited to "online auctions."[4]  They do not forge a causal link between any allegedly anticompetitive conduct and the injury about which they complain—"supracompetitive" fees.[5]  And Plaintiffs have not and cannot allege that they suffered "net economic harm," the appropriate measure of harm in a two-sided industry such as the one in which eBay and PayPal operate.[6]  Finally, Plaintiffs' claim based on eBay's final value fee fails because they do not even identify the legal basis for that claim.[7]  The First Amended Complaint must therefore be dismissed.

---

[1] 15 U.S.C. § 15b.

[2] *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. CV F 09-0560-LJO(SMS), 2010 WL 3521979, at *16 (E.D. Cal. Sept. 3, 2010).

[3] *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1500 (8th Cir. 1992).

[4] *Colonial Med. Group, Inc. v. Catholic Healthcare W.*, No. C-09-2192-MMC, 2010 WL 2108123, at *4 (N.D. Cal. May 25, 2010).

[5] *In re Online DVD Rental Antitrust Litig.*, No. M-09-2029, 2009 WL 4572070, at *6 (N.D. Cal. Dec. 1, 2009).

[6] *Kypta v. McDonald's Corp.*, 671 F.2d 1282, 1285 (11th Cir. 1982).

[7] *Salsman v. Access Sys. Americans, Inc.*, No. C 10-01865-PSG, 2011 WL 1344246, at *3 (N.D. Cal. Apr. 8, 2011).

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs' First Amended Class Action Complaint ("FAC") fails to state a claim under the federal antitrust laws for a host of reasons, both procedural and substantive. And there is no reason to believe that any of these errors can be corrected. The FAC replicates a failed antitrust action that was litigated in this Court. All of the claims in the earlier action were rejected at the motion to dismiss and summary judgment stages, and the Ninth Circuit affirmed the summary judgment on appeal. Plaintiffs, despite an opportunity to amend, have failed to rehabilitate these fundamental deficiencies. Defendants respectfully request that the Court dismiss the FAC with prejudice.

## STATEMENT OF THE CASE

### A.    The Parties

eBay offers, among other things, online platforms for the buying and selling of goods and services. (FAC ¶ 28.) PayPal is one of several payment options available to eBay sellers. (*Id.* ¶¶ 29, 41.) eBay acquired PayPal on October 3, 2002, more than seven years before Plaintiffs filed their original complaint in April 2010. (*Id.* ¶ 34.) Plaintiffs do not, and cannot, allege that PayPal is available exclusively on eBay because PayPal is used by any number of sales platforms, merchants, and websites. And Plaintiffs do not and cannot allege that eBay sellers may only accept payments on eBay through PayPal, or that PayPal charges fees that differ depending on whether a transaction occurs on or off eBay. Altogether, these failures preclude any viable antitrust action.

The named plaintiffs are residents of various states who claim to use eBay's "online auction/sales services," although they do not specify which of eBay's many services they use. (*Id.* ¶¶ 5-15.) Plaintiffs purport to represent a class of "sellers on eBay that pay listing and sales fees to eBay and are effectively forced to utilize eBay owned PayPal as the sole accepted payment method while paying an additional service fee to PayPal." (*Id.* ¶ 60.)

Plaintiffs' FAC never mentions the party without which there would be no eBay transactions—buyers. (*Id.* ¶¶ 5-15, 60.) It does not, therefore, discuss the impact on buyers of

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1   the practices to which Plaintiffs claim to object or explain how the impact on buyers may relate

2   back to sellers in terms of transaction volume, duration of listing for items listed for sale, or

3   closing prices of sales in the alleged online marketplace.

### B.   Paying for Purchases on eBay's Electronic Marketplace

5   Plaintiffs' FAC implicitly recognizes that every sale, whether online or off, must involve

6   payment.  Once a buyer and seller have agreed to terms, they must exchange value.  (*See id.*

7   ¶¶ 26, 39, 43.)  Payments are a complement to a sales platform business and for this reason, eBay

8   acquired PayPal in 2002.  (*Id.* ¶ 34.)

9   Plaintiffs acknowledge that sellers on eBay can accept online payments in a variety of

10  ways, including at least three other online payment services besides PayPal—Propay,

11  Moneybookers, and Paymate—or through a Merchant Seller Account or Payment upon Pickup.

12  (*Id.* ¶ 41.)

### C.   Plaintiffs' Claims

14  Although Plaintiffs acknowledge that eBay sellers may accept other forms of payment,

15  they seek to make an antitrust case out of eBay's nine-year-old acquisition of PayPal.  The FAC

16  contains five claims:  three under Section Two of the Sherman Act, 15 U.S.C. § 2; one under

17  Section One, 15 U.S.C. § 1; and one for which no legal basis is provided.

#### 1.   Monopolization and Attempted Monopolization

19  Plaintiffs assert that eBay has monopolized (or attempted to monopolize) the market for

20  "online payment systems for use in online auctions."  (FAC ¶¶ 72, 79.[1])  According to Plaintiffs,

21  eBay created and maintained a dominant position in the alleged market for payments by engaging

22  in a number of allegedly anticompetitive activities—all completely within the eBay platform—

23  involving accepted methods of payment.  (*Id.* ¶ 73.)

#### 2.   Tying (Sherman § 2)

25  Plaintiffs allege that eBay engaged in an illegal tying arrangement in violation of Section

26

27  [1] Earlier, the FAC states that eBay "has limited and banned competitors in an attempt to maintain
its dominance in the online auction market."  (FAC ¶ 25.)  The counts alleging monopolization
and attempted monopolization, however, do not mention the alleged "online auction market."
28  (*See id.* ¶¶ 71-80.)

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

Two of the Sherman Act.  Notably, Plaintiffs do not allege a proper "tying" or "tied" product market, but allege that eBay has "tied" its "online auction" system with the PayPal payment system.  (*Id.* ¶ 82.)  Plaintiffs allege that this "tying" arrangement somehow forces them to pay "listing/sale fees" to eBay.  (*Id.* ¶ 83.)

### 3.    Tying (Sherman § 1)

Plaintiffs also assert that eBay has engaged in an illegal tying arrangement in violation of Section One of the Sherman Act.  Again, they fail to properly define the "tying" or "tied" product markets, but instead allege that "Defendant" (not specified as either eBay or PayPal) "contracted with the Class to provide online auction services but only on the condition that the Class also accepts payment using . . . PayPal."  (*Id.* ¶ 94.)  In other words, Plaintiffs allege that they were forced to use PayPal as a condition of selling items on eBay, and because of that they were "forced to pay service fees to PayPal."  (*Id.* ¶ 96.)  While Plaintiffs provide reasons why they believe some of these methods are "not viable alternatives" to PayPal, they admit that other payment methods are clearly available to eBay buyers and they do not allege that eBay requires eBay sellers to process payments with PayPal either on or off eBay.  (*Id.* ¶¶ 41, 49.)

### 4.    "Improper Collection of Shipping Fees as Part of Final Value Fee"

Plaintiffs also bring a claim entitled "improper collection of shipping fees as part of final value fee."  (*Id.* ¶ 107.)  The FAC does not identify a statute or a common law cause of action on which this count is based.  Instead, Plaintiffs allege that eBay changed its fee structure to calculate the "final value fee" for an item based on the sales price plus the shipping price, even though eBay does not provide shipping services to sellers (*id.* ¶¶ 52-55) and that this change in fee structure was " a direct part of and in furtherance of its Anti-Trust activities" (*id.* ¶ 116).  Plaintiffs do not specify whether this change in fee structure applies to all sales on eBay or just a subset of eBay sales.

### 5.    Injury

Plaintiffs claim that a single injury—"supracompetitive fees"—flows from Defendants' allegedly anticompetitive actions.  (*Id.* ¶¶ 74b, 85.)  But Plaintiffs neither explain which of eBay's many different fees were allegedly supracompetitive, nor do they allege any facts that would

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1    support a conclusion that any of eBay's fees were supracompetitive.  And the FAC does not

2    allege anything that would support a conclusion that fees are the appropriate measure of harm

3    instead of individual sellers' profits or returns on the goods they list and sell on eBay.

**D.**     *In re eBay Seller Antitrust Litigation*

5          On April 4, 2007, a group of eBay sellers brought a class action complaint[2] against eBay

6    (the "*Seller* Action") in this Court, alleging various federal and state antitrust and unfair

7    competition claims.  *In re eBay Seller Antitrust Litig.*, 545 F. Supp. 2d 1027, 1029 (N.D. Cal.

8    2008).  Among the claims asserted were (1) abuse of monopoly power and monopoly

9    maintenance for "online auctions" and person-to-person online payment systems; (2) attempted

10   monopolization in those alleged markets; and (3) *per se* unreasonable tying.  *Id.*  In March 2008,

11   the court dismissed the tying claim because plaintiffs did not sufficiently allege that a tie actually

12   caused harm to competitors in the tied market.  *Id.* at 1034.  Two years later, the court granted

13   eBay's motion for summary judgment as to the remainder of plaintiffs' claims, finding no proof

14   of antitrust injury.  *In re eBay Seller Antitrust Litig.*, No. C 07-01882 JF, 2010 WL 760433, at

15   *14 (N.D. Cal. Mar. 4, 2010).

16         One month later, Plaintiffs here filed the original complaint in this action in the United

17   States District Court for the Eastern District of Michigan.  Docket No. 1.  The complaint recited,

18   at times verbatim, many of the factual allegations in the *Seller* Action complaint.  *Id.*  The action

19   was subsequently transferred to this Court, related to the *Seller* Action, and stayed pending the

20   Ninth Circuit's resolution of the appeal in the *Seller* Action.  Docket Nos. 20, 24, 25.  On May 9,

21   2011, the Ninth Circuit affirmed the district court's dismissal of the *Seller* Action in a per curiam

22   decision.  *In re eBay Seller Antitrust Litig.*, No. 10-15642, 2011 WL 1749206, at *1 (9th Cir.

23   May 9, 2011) (per curiam).  After the return of the mandate in the *Seller* Action, the Court lifted

24   the stay, Docket No. 31, and Plaintiffs filed their FAC on September 28, 2011.  Docket No. 42.

**LEGAL STANDARD**

26         To survive a motion to dismiss, a complaint must plead "enough facts to state a claim for

27

28   ───────────────
     [2]     A copy of the complaint is attached as Exhibit A to the Declaration of Thomas P. Brown,
     filed concurrently with this motion.

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of the claims will not suffice, and the Court cannot assume the truth of conclusory allegations unsupported by facts.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Further, the complaint's "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Here, Plaintiffs' FAC fails on both accounts.  Not only do the allegations rest on conclusory legal assertions, the facts fail to plausibly support any of the claims.

## ARGUMENT

Plaintiffs' FAC suffers from a number of incurable procedural and substantive defects.  eBay respectfully requests that the Court dismiss the complaint without leave to amend.

As an initial matter, Plaintiffs' claims under the Sherman Act are time-barred.  All of the claims are premised on eBay's acquisition of PayPal.  As the complaint alleges, this acquisition took place in 2002,  nearly nine years ago and more than three years before the start of the applicable limitations period.

Even if the claims were not time-barred, they would fail.  The FAC does not (1) contain facts sufficient to support the conclusion that a tying arrangement exists; (2) contain facts necessary to support the conclusion that the practices labeled as a "tying" arrangement pose a threat to competition; (3) identify facts capable of supporting the relevant markets allegedly harmed by the allegedly wrongful conduct; and (4) allege facts sufficient to support a conclusion that these plaintiffs have suffered any injury from the challenged conduct.  Plaintiffs' fifth count—essentially a criticism of how eBay sets one category of its fees—separately fails because Plaintiffs fail to articulate any legal basis for such a claim.

## I.  PLAINTIFFS' ANTITRUST CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Federal antitrust claims are subject to a four-year statute of limitations.  15 U.S.C. § 15b.  A cause of action accrues when the defendant commits an act that injures the plaintiff's business.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338-39 (1971).  While a plaintiff

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1   may allege a continuing violation—that is, "one in which the plaintiff's interests are repeatedly

2   invaded and a cause of action arises each time the plaintiff is injured," the plaintiff must still

3   allege some overt act by the defendant within the limitations period that restarts the statute of

4   limitations.  *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987).

5            Plaintiffs' antitrust claims derive from eBay's acquisition of PayPal in October 2002,

6   which Plaintiffs claim "had the effect of eliminating competition in the market for online payment

7   services."  (FAC ¶ 34.)  But this event took place well outside the four-year statutory period

8   preceding the filing of Plaintiffs' original complaint on April 12, 2010.

9            Nor do Plaintiffs allege any overt act by Defendants that would restart the statute of

10  limitations.  Although Plaintiffs claim, without alleging facts to support such a claim, that eBay

11  sellers pay "artificially inflated and supra competitive fees" (*see id.* ¶ 88b), the continued use or

12  purchase of Defendants' services is insufficient to establish a continuing violation.  *See Stanislaus*

13  *Food Prods. Co. v. USS-POSCO Indus.*, No. CV F 09-0560-LJO(SMS), 2010 WL 3521979, at

14  *16 (E.D. Cal. Sept. 3, 2010) ("[c]ontinual purchasing of the products . . . does not inflict a 'new

15  and accumulating' injury on plaintiff") (citing *Aurora Enters. v. NBC*, 688 F.2d 689, 694 (9th Cir.

16  1982)).

17           Because Plaintiffs' antitrust claims arise from an action that took place outside of the

18  statute of limitations, and Plaintiffs do not allege facts supporting a continued violation, this

19  Court should dismiss Counts One through Four as time-barred.

20  **II.       PLAINTIFFS DO NOT ALLEGE AN ILLEGAL TYING ARRANGEMENT**

21           Plaintiffs' allegations of unlawful tying under both Sections One and Two[3] of the

22  Sherman Act fail because they focus on a practice that is plainly not a tying arrangement.

23  Furthermore, Plaintiffs have not alleged a *per se* tying arrangement, and so they bear the burden

24  of proving that the alleged tying arrangement unreasonably restrained competition.  Plaintiffs

25  have failed to allege facts that would be sufficient to do so.

26

27  [3] "[C]ourts also allow tying theories under Section 2, at least where there is monopolization or attempted monopolization."  *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1195 n.2 (N.D.
    Cal. 2008).  As outlined in Sections III-IV, below, Plaintiffs fail to state a claim for

28  monopolization or attempted monopolization.  Therefore, their Section Two tying claim also fails.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

**A.**     **Plaintiffs Do Not Sufficiently Allege the Existence of a Tying Arrangement**

In this case, the alleged "tie" is not really a tie at all.  As the Supreme Court has repeatedly observed, a tying arrangement is a type of "requirements" contract.  *See N. Pac. R. Co. v. United States*, 356 U.S. 1, 5-6 (1958) (tying arrangement is "an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier").  In the absence of an explicit agreement, a plaintiff may still demonstrate an illegal tie "if the defendant's policy makes the purchasing of the tying and tied products together 'the only viable economic option.'"  *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1500 (8th Cir. 1992).  Plaintiffs fail to follow either path when alleging a tying arrangement.

Plaintiffs do not, and cannot, allege that eBay "requires" sellers who use its services to use PayPal to accept payments.  *Cf. In re eBay Seller*, 545 F. Supp. 2d at 1031 (plaintiffs alleged that they were required to accept separate PayPal products to use PayPal at all); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 463 (1992) (finding a tie where defendant "would sell parts to third parties only if they agreed ***not to buy service*** from [competitors]" (emphasis added)).  Rather, despite their representations that sellers are "effectively forced to accept payment via PayPal" (FAC ¶ 88), Plaintiffs concede that eBay's Accepted Payments Policy allows sellers to accept at least three payment options in addition to PayPal.  (*Id.* ¶ 49.)

The Court may not accept as true Plaintiffs' conclusory claims that various conditions render these options "not viable alternatives" to PayPal.  The FAC does not offer any facts to support this conclusion.  (*Id.*); *see Iqbal*, 129 S. Ct. at 1950.  Indeed, the FAC at best alleges that "PayPal is the most favorable method" (FAC ¶ 50), far short of the required showing that accepting payment via PayPal on eBay sales is "the only viable economic option."  *See Xerox Corp.*, 972 F.2d at 1500.

**B.**     **Plaintiffs Do Not Allege an Actual Adverse Effect on Competition**

"[T]he hallmark of a tie-in is that it denies competitors free access to the tied product market."  *In re eBay Seller*, 545 F. Supp. 2d at 1034 (quoting *Siegel v. Chicken Delight*, 448 F.2d 43, 47 (9th Cir. 1971)).  "Numerous federal courts have rejected tying claims" in the absence of

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1    sufficient allegations that a tie actually caused harm to competitors in the tied product market.  *Id.*

2    (citing *United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 146 F. Supp. 2d 385, 400

3    (S.D.N.Y. 2001); *Driskill v. Dallas Cowboys Football Club, Inc.*, 498 F.2d 321, 323 (5th Cir.

4    1974)).  Plaintiffs have failed to sufficiently allege actual harm to competitors.  Instead, they

5    allege that

6        actual and potential competition in the online payment systems markets for online
         auctions has been injured, limited, reduced, restrained, suppressed, and effectively
7        foreclosed, [and] eBay sellers are effectively forced to accept payment via PayPal
         and thus have paid or are likely to pay artificially inflated prices to eBay as a
8        whole caused by reduced competition.

9    (FAC ¶ 88.)

10        The court in the *Seller* Action rejected plaintiffs' nearly identically worded allegations of

11   harm.  In that case, plaintiffs alleged that

12       actual and potential competition in the person-to-person online payment systems
         has been injured, limited, reduced, restrained, suppressed, and effectively
13       foreclosed; and eBay auction sellers that accept PayPal have paid or are likely to
         pay artificially inflated prices caused by reduction in competition.
14

15   *In re eBay Seller*, 545 F. Supp. 2d at 1034.  The court held that plaintiffs "ha[d] not alleged

16   sufficiently that a tie actually caused harm to competitors in the online auction market."  *See id.*

17   (citing *Siegel*, 448 F.2d at 47).

18        As in the *Seller* Action, Plaintiffs' conclusory allegations of harm fall short.  Plaintiffs

19   allege no facts that PayPal's competitors in the alleged payments market were harmed, whether

20   by exclusion from or reduced access to the universe of payments for online (or offline)

21   transactions, or in any other discernible way.  Accordingly, Plaintiffs' tying claims under Sections

22   One and Two of the Sherman Act must be dismissed.

23   **III.   PLAINTIFFS FAIL TO STATE A SECTION TWO CLAIM OR A SECTION ONE
             TYING CLAIM BECAUSE THEY FAIL TO ALLEGE FACTS SUPPORTING**
24   **      THEIR RELEVANT MARKETS**

25        A claim for monopolization under Section Two requires (1) possession of monopoly

26   power in the relevant market, and (2) "willful acquisition or maintenance of that power as

27   distinguished from growth or development as a consequence of a superior product, business

28   acumen, or historic accident."  *Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*,

540 U.S. 398, 407 (2004).  A tying claim similarly requires allegations of market power in a legally cognizable relevant market.  *Rick-Mick Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 971-72 (9th Cir. 2008).  Because Plaintiffs have failed to allege facts supporting their relevant markets, they have failed to state a claim under either theory.[4]

Every antitrust claim must be predicated on a properly defined relevant market.  *See Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1104-05 (9th Cir. 1999).  Courts routinely dismiss complaints that, as here, fail to appropriately define a relevant market because "[w]ithout a definition of that market there is no way to measure [a defendant's] ability to lessen or destroy competition."  *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965); *see also Big Bear*, 182 F.3d at 1105 (affirming dismissal of plaintiff's Sherman Act claims because plaintiff did not sufficiently allege a relevant product market).

A properly alleged market begins with the product at issue and an appraisal of the cross-elasticity of demand and the reasonable interchangeability of products by consumers.  *United States v. E.I. du Pont de Nemours & Co*., 351 U.S. 377, 394-95 (1956).  Because a relevant product market includes all products that are reasonably interchangeable, a plaintiff must assert the allegations in those terms.  "Where the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor, the relevant market is legally insufficient and a motion to dismiss may be granted."  *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997).  Courts have not hesitated to dismiss claims that fail to properly plead a relevant market under this test.  *See, e.g.*, *Golden Gate Pharmacy Servs., Inc. v. Pfizer, Inc.*, No. C-09-3854-MMC, 2010 WL 1541257, at *5 (N.D. Cal. Apr. 16, 2010)

---

[4] To state a claim for attempted monopolization, a plaintiff must show (1) specific intent to control prices or destroy competition, (2) predatory or anticompetitive conduct directed toward accomplishing that purpose, (3) a dangerous probability of success, and (4) causal antitrust injury. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1477 (9th Cir. 1997).  For the reasons discussed below, Plaintiffs have also failed to state a claim for attempted monopolization.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1  (dismissing complaint because plaintiff failed to reference the rule of reasonable

2  interchangeability).

3      For example, in *Chapman v. New York State Division for Youth*, the Second Circuit held

4  that plaintiff's allegation of a market for "restraint training services to private child care

5  providers" was legally insufficient because plaintiff failed to allege facts to show how the alleged

6  market "is any different from the larger market for restraint training services to other businesses,

7  agencies, and organizations." 546 F.3d 230, 238-39 (2d Cir. 2008); *see also Colonial Med.*

8  *Group, Inc. v. Catholic Healthcare W.*, No. C-09-2192-MMC, 2010 WL 2108123, at *4 (N.D.

9  Cal. May 25, 2010) (rejecting market definition where complaint failed to include any allegations

10  to support a finding that medical services provided to prison inmates were not reasonably

11  interchangeable with medical services provided to inmates of local jails or other locked facilities).

12      Although Plaintiffs label eBay a "monopoly," they do not define the markets that they

13  accuse eBay of monopolizing in terms of interchangeability.  Plaintiffs base their antitrust claims

14  on an impermissibly narrow market:  the alleged market for "online payment systems for use on

15  online auctions" (FAC ¶¶ 71, 79).  Plaintiffs fail to allege facts to show how this purported

16  market is any different from the larger market for online payment systems for use on other sales

17  formats, both on eBay and other online platforms.  Plaintiffs do not, and cannot, allege that

18  PayPal itself is available only "for use on online auctions."  *See In re eBay Seller*, 2010 WL

19  760433, at *1 ("Though PayPal provides the preferred payment method on eBay, it serves many

20  other companies and institutions as well.").  Even if the Court finds that Plaintiffs' limited

21  definition of the market is appropriate, the alleged market still fails because Plaintiffs do not and

22  cannot claim that PayPal is the only way for people to make payments on eBay.  Indeed, Plaintiffs

23  identify several interchangeable payment methods, including Merchant Seller Accounts and

24  Payment upon Pickup.  (*Id.* ¶¶ 41, 49.)

25      Nor can the alleged "online auctions market" (*id.* ¶¶ 24-25) save Plaintiffs' FAC.  Putting

26  aside that Plaintiffs never allege that their antitrust claims arise in the alleged "online auctions

27  market," Plaintiffs fail to acknowledge the many alternatives to eBay's online auction-style sales

28  format, let alone distinguish their purported market from the pool of obvious substitutes.  Further,

1   they neither claim that eBay is the only place to buy the things sold on its platform nor that

2   eBay's sales platform serves as the only forum on which buyers and sellers of such things can

3   interact.  Such a position would be untenable.

4   **IV.   PLAINTIFFS FAIL TO ESTABLISH ANTITRUST STANDING BECAUSE THEY**
        **HAVE NOT ESTABLISHED A CAUSAL CONNECTION BETWEEN AN**
5       **ANTITRUST INJURY AND ANY ANTICOMPETITIVE ACTION**

6          Plaintiffs seeking to recover damages in a private antitrust action must first establish

7   antitrust standing by demonstrating that they have been "injured in [their] business or property by

8   reason of anything forbidden in the antitrust laws."  15 U.S.C. § 15(a).  The injury alleged must

9   be "of the type the antitrust laws were intended to prevent and which flows from that which

10  makes the defendants' acts unlawful."  *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328,

11  334 (1990) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 486 (1977)).

12  Furthermore, "the private plaintiff must link its own injury to the ***anticompetitive*** aspect of the

13  defendant's conduct."  *Legal Econ. Evaluations, Inc. v. Met. Life Ins. Co.*, 39 F.3d 951, 954 (9th

14  Cir. 1994) (emphasis in original).  Failure to show that the injury to the plaintiff "flow[s] from

15  injury to competition in the relevant market" is fatal to a claim.  *Id.* at 956.

16         Failure to demonstrate reduced competition in the relevant market also defeats a finding of

17  antitrust injury.  *Forsyth*, 113 F.3d at 1478.  It is not enough to allege, in a conclusory fashion,

18  that a defendant's actions caused injury to competition by reducing or restraining competition in

19  the relevant market.  *See Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 507-08 (9th

20  Cir. 1989) (holding plaintiff "may not merely recite the bare legal conclusion that competition has

21  been restrained").

22         Plaintiffs here fail to allege causal antitrust injury.  Plaintiffs' injury allegations are either

23  non-existent or wholly conclusory, and fail to demonstrate how their "injuries" flow from the

24  allegedly unlawful conduct.  In Counts One and Three, Plaintiffs allege that they paid

25  "supracompetitive fees" to either eBay, PayPal, or both.  (FAC ¶¶ 74, 85.)  In Count Four,

26  Plaintiffs simply allege they had to pay fees to PayPal and eBay.  (*Id.* ¶ 96.)  These allegations

27  provide no basis for believing that Plaintiffs have, in fact, suffered "net economic" harm.

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1    These conclusory allegations do not satisfy the minimal requirements of Federal Rule of

2    Civil Procedure 8. *In re Online DVD Rental Antitrust Litigation* illustrates the burden that

3    antitrust plaintiffs must shoulder in identifying the source of their injury and linking that injury to

4    the challenged conduct. No. M-09-2029, 2009 WL 4572070 (N.D. Cal. Dec. 1, 2009). In that

5    case, plaintiffs identified the specific price that they claimed was "supracompetitive," namely, the

6    subscription price that Blockbuster had set for online rentals. They claimed that Blockbuster had

7    been able to set its rate at supracompetitive levels "as a result" of an allegedly anticompetitive

8    agreement between defendants Netflix and Walmart.com. *Id.* at *1-2. The district court

9    dismissed the first version of the complaint because it concluded that plaintiffs had "fail[ed] to

10   demonstrate a sufficient causal link" between the subscription rate plaintiffs paid and the

11   agreement between defendants. *Id.* at *6. It accepted the second version of the complaint with

12   "significant reservations" only after the plaintiffs had provided specific allegations to link the

13   allegedly supracompetitive price to the challenged acts. *In re Online DVD Rental Antitrust Litig.*,

14   No. M 09-2029, 2010 WL 2680837, at *7 (N.D. Cal. July 6, 2010).

15   Plaintiffs have forged no such link here. Indeed, they do not identify which of the various

16   fees charged by eBay and PayPal are allegedly supracompetitive, let alone claim to have paid the

17   supracompetitive fees. The fee schedules for eBay and PayPal are a matter of public record. *See*

18   *In re eBay Seller*, 2010 WL 760433, at *1 ("The fees eBay charges for all of its services,

19   including the auction format, are listed and published in its 'rate cards.'"). Yet Plaintiffs make no

20   effort to explain which of eBay's fees are too high or how the allegedly anticompetitive acts have

21   affected eBay's rate card over time. To satisfy the requirements of Rule 8, Plaintiffs must

22   identify which elements of the rate card are allegedly supracompetitive, link the allegedly

23   supracompetitive rates to specific conduct, and affirmatively claim to have paid the

24   supracompetitive rates.

25   Further, Plaintiffs have made no effort to allege that the challenged acts actually caused

26   them "net economic" harm. Section 4 of the Clayton Act requires an antitrust plaintiff to prove

27   injury "in his business or property." 15 U.S.C. § 15(a). When a given act produces multiple

28   effects, the antitrust plaintiff is obliged to prove "net economic harm," which is especially

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FAC
C-10-03825-JSW

1   significant in the context of tying cases because tying arrangements necessarily affect the price of

2   both elements of an allegedly tied package.  *See Kypta v. McDonald's Corp.*, 671 F.2d 1282,

3   1285 (11th Cir. 1982).

4        The issue arises here also because both eBay and PayPal compete in what are generally

5   known as "two-sided" industries.  A two-sided industry exists when a particular good or service

6   must appeal to two distinct groups of customers to be useful to anyone.  *See generally* Timothy J.

7   Muris, *Payment Card Regulation and the (Mis)Application of the Economics of Two-Sided*

8   *Markets*, 2005 Colum. Bus. L. Rev. 515 (2005).  For eBay, the two sides are sellers and buyers of

9   items.  (FAC ¶ 28.)  For PayPal, as with any payment system, the two sides are people accepting

10  payments, generally merchants, and people making payments, generally consumers.  (*See id*.

11  ¶ 44.)

12       In a two-sided industry, a given act can affect both sides of the industry at the same time,

13  and even if one effect is negative, the net effect may be positive.  For example, assume that

14  Plaintiffs could allege that the acquisition of PayPal and integration of PayPal into the website

15  enabled eBay to raise final value fees because of the elimination of a potential competitor.  (Such

16  an allegation is, of course, absent from the FAC.)  Even if that were true, the acquisition and

17  integration of PayPal into eBay could leave sellers better off.  The acquisition may have made it

18  easier for buyers to use PayPal, and PayPal may have been safer and cheaper for buyers than

19  forms of payment that had been popular on the site before the acquisition.  If so, these changes

20  would make buyers willing to bid more for items, resulting in higher prices paid to the seller.

21  Viewed in those terms, rather than Plaintiffs' limited focus on the fees sellers pay to eBay and

22  PayPal, the acquisition may actually have left sellers better off.

23       In order to allege injury, Plaintiffs must do more than assert that they paid

24  supracompetitive fees.  Because the FAC simply asserts that conclusion, it must be dismissed.

25  **V.   PLAINTIFFS' FIFTH COUNT FAILS BECAUSE IT HAS NO LEGAL BASIS**

26       The only new claim included in the FAC is styled "improper collection of shipping fees as

27  part of final value fee," but Plaintiffs fail to identify any statute, either federal or state, or any

28  common law cause of action that could possibly form the basis for this purported claim.  (FAC

13

¶¶ 107-117).  Courts in this District have dismissed claims even where plaintiffs have provided some detail regarding the legal basis for their claims.  *See, e.g.*, *Salsman v. Access Sys. Americans, Inc.*, No. C 10-01865-PSG, 2011 WL 1344246, at *3 (N.D. Cal. Apr. 8, 2011) (dismissing claim that defendant "violated the Uniform Commercial Code" because complaint "[did] not identify the provision of the UCC . . . that now provides [plaintiff] with a cause of action"); *Stagner v. Luxottica Retail N. Am., Inc.*, No. C 11-02889 CW, 2011 WL 3667502, at *7 (N.D. Cal. Aug. 22, 2011) (dismissing claim for "failure to compensate for all hours worked" because "the theory behind [p]laintiff's claim [wa]s not apparent").

Because Plaintiffs have not identified any federal or state statute or any recognized common law cause of action that could form the basis for their "final value fee" claim, that claim is nothing more than an "unadorned, the defendant-unlawfully-harmed-me accusation" and must be dismissed.  *Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For the foregoing reasons, Defendants eBay and PayPal respectfully request that this Court grant Defendants' motion to dismiss and dismiss Plaintiffs' FAC in its entirety for failure to state a claim.

Dated: October 4, 2011

THOMAS BROWN
KATHERINE M. ROBISON
O'MELVENY & MYERS LLP


By:      /s/ Thomas Brown
                    Thomas Brown
Attorneys for Defendants
eBay Inc. and PayPal, Inc.