THOMAS P. BROWN (SB# 182916)
tombrown@paulhastings.com
SAMUEL C. ZUN (SB# 264930)
samuelzun@paulhastings.com
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  1 (415) 856-7000
Facsimile:  1 (415) 856-7100

Attorneys for Defendants
eBay Inc. and PayPal, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLOTTE SMITH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EBAY CORP., et al., <br><br> Defendants. | CASE NO. C-10-03825-JSW(JSC) <br><br> **[PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS** <br><br> Judge: Hon. Jeffrey S. White |

Case No. C-10-03825-JSW(JSC)

PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26 and the parties' Stipulation Concerning Confidentiality of Documents and Materials filed concurrently herewith, the following [Proposed] Protective Order Concerning Confidentiality of Documents and Materials ("Order") shall govern the disclosure of Confidential Information and limit the use of such information produced in discovery in this action, as hereinafter provided:

1. **Scope.**

   (a) All documents and information furnished by a party in conjunction with this litigation which contain or are derived from trade secrets or other confidential research, development, or commercial information of current commercial value ("Confidential Information") may be designated CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. In addition, this Order shall apply to third-parties who provide discovery, by deposition or the production of documents or otherwise, in this litigation.

   All documents and information described in Paragraph 1(a) as Confidential Information and which a party believes to be of a highly commercially sensitive nature, such as certain documents or information reflecting, containing or derived from current confidential trade secret, research, development, pricing, production, cost, marketing or customer information whose disclosure could create an unreasonable risk of commercial or competitive harm ("Highly Confidential Information") may be designated HIGHLY CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order.

   A party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL information contained in documents that are in the possession of a third party if the documents contain the party's Confidential or Highly Confidential information. The provisions of this Order extend to all designated Confidential or Highly Confidential Information produced in discovery in this action or actions. When an electronic document produced in native format includes a designation

of CONFIDENTIAL or HIGHLY CONFIDENTIAL in the filename, the parties must treat the entire document according to that confidentiality designation.

In addition to documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order, the parties understand that some otherwise relevant documents may be subject to a regulatory or other governmental privilege that may limit a party or third party's ability to produce such documents in this action. The parties further acknowledge that to the extent relevant and responsive information resides in jurisdictions other than the United States, production of such information may require compliance with privacy requirements imposed by those jurisdictions, including but not limited to the Privacy Directive of the European Union. Such compliance may impose significant delays on the availability of any such information.

(b) The parties acknowledge that this Order does not necessarily confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulated Order creates no entitlement to file Confidential Information under seal; Local Rule 79-5 of the Northern District of California and paragraph 4 below, set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

(c) All documents and other materials produced in this litigation shall be used for purposes of this litigation only, whether or not a producing party designates such documents or materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL. All documents and other materials produced in this litigation shall not be made public in any manner unless and until such document are properly filed with this Court, whether or not a producing party designates such documents or materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

2. **Designation of Confidentiality.**

Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Order in the following ways:

1       (a)    In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: CONFIDENTIAL or HIGHLY CONFIDENTIAL.

      (b)    In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

      (c)    In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available.) The entire deposition transcript (including exhibits) shall be treated as HIGHLY CONFIDENTIAL under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the videocassette or other videotape container, or the CD or DVD, shall be labeled with the legend provided for in paragraph 2(a) above.

      (d)    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog

1   machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is
2   produced by any party in such form, the producing party may designate such matter as
3   CONFIDENTIAL or HIGHLY CONFIDENTIAL by cover letter referring generally to such
4   matter, as long as the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is not able to
5   be attached to the Computerized Material on an individualized document-by-document or page-
6   by-page basis.  Whenever any party to whom Computerized Material designated as
7   CONFIDENTIAL or HIGHLY CONFIDENTIAL is produced reduces such material to hard-copy
8   form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a)
9   above.

10          (e)     To the extent that any party or counsel for any party creates, develops or otherwise
11  establishes on any digital or analog machine-readable device, recording media, computers, discs,
12  networks or tapes any information, files, databases or programs that contain information
13  designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, that party and/or its counsel
14  must take all necessary steps to insure that access to that electronic or magnetic media is properly
15  restricted to those persons who, by the terms of this Order, may have access to Confidential
16  Information and/or Highly Confidential Information.

17  3.      **Use of Confidential Information or Highly Confidential Information.**

18          Confidential Information or Highly Confidential Information shall be used by any person,
19  other than the producing party, solely for the purpose of conducting the actions and shall in no
20  event be used for any business, competitive, personal, private, public or other purpose.

21  4.      **Filing of Confidential Materials.**

22          The following provisions govern the treatment of Confidential Information or Highly
23  Confidential Information submitted as a basis for adjudication of matters other than discovery
24  motions or proceedings.  These provisions are subject to Northern District of California Local
25  Rule 79-5.

26          (a)     A party that files with the Court, or seeks to use at trial, materials designated as
27  Confidential Information or Highly Confidential Information, and who seeks to have the record
28  containing such information sealed, shall submit to the Court a motion to seal, pursuant to Local

1 Rule 79-5. If such information was so designated by a third party, the party submitting the
2 motion to seal will provide the Identified Representative(s) of that third party with the Bates
3 range of the information submitted, a publicly-filed copy of the motion or other document
4 referring to such information, and a copy of the motion to seal such information (and any
5 response to such motion), by the means set forth in paragraph 8 below.

6       (b)     A party that files with the Court, or seeks to use at trial, materials designated as
7 Confidential Information or Highly Confidential Information by anyone other than itself, and who
8 does not seek to have the record containing such information sealed, shall comply with either of
9 the following requirements:

10            (i)     At least five (5) business days prior to the filing or use of the Confidential
11 Information or Highly Confidential Information, the submitting party shall
12 give notice to all parties and affected third parties of the submitting party's
13 intention to file or use the Confidential Information or Highly Confidential
14 Information, including specific identification of the Confidential
15 Information or Highly Confidential Information. Any affected party or third
16 party may then file a motion to seal.

17           (ii)     At the time of filing or the time at which the submitting party seeks to use
18 the Confidential Information or Highly Confidential Information, the
19 submitting party shall submit the materials pursuant to the lodging-under-
20 seal provisions of Local Rule 79-5. Any affected party or third party may
21 then file a motion to seal, within seven (7) calendar days after such lodging.
22 If such information was so designated by a third party, the party submitting
23 the materials pursuant to the lodging under seal rules will provide the
24 Identified Representative(s) of that third party with a copy of the
25 information submitted and notice of lodging under seal, by the means set
26 forth in paragraph 8 below.

27 5.     **Disclosure of Confidential Information.**
28

    (a)    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated CONFIDENTIAL pursuant to this Order.

    (b)    Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

        (i)    counsel for the parties (including members, associates or contract attorneys of such counsel's firm), in-house litigation counsel for the parties (including contract attorneys), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

        (ii)    outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

        (iii)    any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 7 of this Order has been complied with;

        (iv)    a director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, provided that paragraph 7 of this Order has been complied with.

        (v)    in the event litigation counsel determines in good faith that such disclosure is necessary to assist in the preparation or conduct of this litigation, (a) any person who has been noticed for deposition and whose deposition is taken, or (b) any person who has been interviewed by an attorney of record, or (c) any person whose testimony is taken or is to be taken in any proceeding before the Court in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation, provided that paragraph 7 of this Order has been complied with;

    (vi)  any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is referenced, discussed, or mentioned, in the material, (c) is currently employed by the producing party or, (d) was formerly employed by the producing party, but only as to the specific material to which such person had access during his/her employment;

    (vii)  any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the specific confidential material sought to be disclosed to that person;

    (viii)  the Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

    (ix)  any other person to whom the party producing the Confidential Information agrees in writing or on the record in advance of the disclosure.

6. **Disclosure of Highly Confidential Information.**

  (a)  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated HIGHLY CONFIDENTIAL pursuant to this Order.

  (b)  Access to information designated HIGHLY CONFIDENTIAL pursuant to this Order shall be limited to:

    (i)  counsel for the parties (including members, associates or contract attorneys of such counsel's firm), in-house litigation counsel for the parties (including contract attorneys), as well as their paralegal, investigative, secretarial and

|   |   |   |
|---|---|---|
| | | clerical personnel who are engaged in assisting such counsel in this litigation; |
| | (ii) | outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation; |
| | (iii) | any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 7 of this Confidentiality Order has been complied with; |
| | (iv) | in the event litigation counsel determines in good faith that such disclosure is necessary to assist in the preparation or conduct of this litigation, (a) any person who has been noticed for deposition and whose deposition is taken, or (b) any person who has been interviewed by an attorney of record, or (c) any person whose testimony is taken or is to be taken in any proceeding before the Court in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation, provided that paragraphs 6(c) and 7 of this Order has been complied with; |
| | (v) | any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is referenced, discussed, or mentioned in the material, (c) is currently employed by the producing party,(d) was formerly employed by the producing party, but only as to specific material to which such person had access during his/her employment, or (e) was formerly employed by the producing party and is represented by the producing party's attorneys of record in this action or the producing party is paying for the person's legal representation; |
| | (vi) | any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness has knowledge of the |

|   |   |   |
|---|---|---|
| 1 |   | HIGHLY CONFIDENTIAL material sought to be disclosed to that person, |
| 2 |   | provided that paragraphs 6(c) and 7 of this Order has been complied with; |
| 3 | (vii) | the Court or any other Court exercising jurisdiction with respect to this |
| 4 |   | litigation, Court personnel, jurors, alternate jurors, and qualified persons |
| 5 |   | (including necessary clerical personnel) recording, taking or transcribing |
| 6 |   | testimony or argument at any deposition, hearing, trial or appeal in this |
| 7 |   | litigation; and |
| 8 | (viii) | any other person to whom the party producing the Highly Confidential |
| 9 |   | Information agrees in writing or on the record in advance of the disclosure. |

(c) In order to prevent the dissemination of highly sensitive commercial information which could cause irreparable harm, the party or third party wishing to disclose HIGHLY CONFIDENTIAL materials to any person under paragraph 6(b)(iv) or 6(b)(vi) shall give at least three (3) court days' advance notice in writing to the counsel who designated such information as HIGHLY CONFIDENTIAL, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents and information to be disclosed. If the party or third party who designated such information as HIGHLY CONFIDENTIAL objects to the proposed disclosure, the designating party shall immediately inform the notifying party of their intent to object and file a motion with the Court providing the reasons for the objection. Such motion shall strictly comply with Local Rule 37 and shall be made as soon as practicable. If such notice is provided, disclosure of the HIGHLY CONFIDENTIAL materials to the person under paragraph 6(b)(iv)(b) will not be permissible without leave of the Court unless and until the time to file a motion with the Court under this paragraph has expired and no motion has been made. If a party fails to provide the notice required by this provision, that party thereby forfeits their ability to disclose the HIGHLY CONFIDENTIAL materials or information as intended.

7. **Notification of Confidentiality Order.**

Confidential Information and Highly Confidential Information shall not be disclosed to persons described in paragraphs 5(b)(iii)-(v), or 6(b)(iii-iv), unless and until such person has

1  executed an Agreement of Confidentiality in substantially the same form attached hereto as
2  Exhibit A.  The originals of such Agreements shall be maintained by counsel for the party who
3  obtained them until the final resolution of this litigation.

4  8. **Notice to Third Parties**

5  All notices under this Order to a third party shall be provided to the Identified
6  Representative(s) of the third party by email no later than noon on the next business day of any
7  action triggering notice to the third party.  A third party's Identified Representative may be
8  designated by the third party by email to each party's counsel of record.  If an Identified
9  Representative has not been designated by the third party before the date on which the party seeks
10 to submit that third party's Confidential or Highly Confidential information, then notice shall be
11 provided to counsel who produced such information on behalf of the third party.

12 9. **Use of Confidential or Highly Confidential Material at Trial**

13 To the extent a party seeks to use CONFIDENTIAL or HIGHLY CONFIDENTIAL
14 material at a hearing or at trial, the question of the procedure for the use of that information shall
15 be addressed to the judicial officer conducting the proceeding, at the appropriate time.

16 10. **Objections to Designations.**

17 A party shall not be obligated to challenge the propriety of a confidential designation at
18 the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the
19 event a party objects to the designation under this Order by another party of any material, the
20 objecting party shall consult with the designating party to attempt to resolve their differences.  If
21 the parties are unable to reach an accord as to the proper designation of the material, the objecting
22 party may file and serve a motion that identifies the challenged material and sets forth in detail
23 the basis for the challenge.  If such a motion is made, the designating party would have the
24 burden to establish that the designation is proper.  If no such motion is made, the material will
25 remain as designated.  Any documents or other materials that have been designated
26 CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as CONFIDENTIAL or
27 HIGHLY CONFIDENTIAL until such time as the Court or any magistrate to whom this matter is
28

assigned rules that such material should not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. **Preservation of Rights and Privileges.**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

12. **Return or Destruction of Materials.**

Within sixty (60) business days after the final resolution of this litigation, all Confidential Information or Highly Confidential Information shall be returned to counsel for the party that produced it or destroyed. As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such Confidential Information or Highly Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order.

13. **Inadvertent or Unintentional Disclosure.**

(a) The inadvertent or unintentional disclosure by the producing party of Confidential Information or Highly Confidential Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or work product doctrine (a "Privileged

1    Document"), regardless of whether the information was so designated at the time of disclosure,
2    shall not be deemed a waiver in whole or in part of a party's claim of privilege.

3    (b)     A producing party that inadvertently fails to designate discovery material
4    CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order at the time of production
5    shall be entitled to make a correction.  Such correction and notice thereof shall be made in
6    writing, accompanied by substitute copies of each item of discovery material, appropriately
7    designated.  Those parties who received the discovery material prior to notice of misdesignation
8    by the producing party shall, within ten (10) days of receipt of the substitute copies, destroy or
9    return to the law firm representing the producing party all copies of such misdesignated
10   documents.  Those parties who reviewed the misdesignated discovery material prior to notice of
11   the misdesignation by the producing party shall abide by the provisions of this Order with respect
12   to the use and disclosure of any information contained in the misdesignated materials.

13   (c)     A party who has inadvertently produced a Privileged Document may provide a
14   written request for the return of such item or items of information.  Because of the large volume
15   of electronic documents that the parties anticipate will be produced in this case, there is a
16   presumption that the production of any Privileged Document is inadvertent.  Accordingly, the
17   receiving party shall return such items within ten (10) days of receiving a written request.

18   14.    A party's compliance with the terms of this Order shall not operate as an admission that
19   any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at
20   trial.

21   15.    Any party or person in possession of Confidential Information or Highly Confidential
22   Information or a Privileged Document, with respect to which the producing party has asserted a
23   claim of privilege in accordance with paragraph 12, who receives a subpoena (or other process)
24   from any person (including natural persons, corporations, partnerships, firms, governmental
25   agencies, departments or bodies, boards or associations) who is not a party to this Order, which
26   subpoena seeks production or other disclosure of such Confidential Information or Highly
27   Confidential Information or a Privileged Document, shall promptly give written notice by
28   facsimile to counsel for the party who produced or designated the materials as confidential or

-12-                                    PROTECTIVE ORDER
Case No. C-10-03825-JSW(JSC)

1 privileged identifying the materials sought and enclosing a copy of the subpoena or other process.
2 The party or person receiving the subpoena shall also inform the person seeking the Confidential
3 Information or Highly Confidential Information or a Privileged Document that such information
4 or document is either confidential or privileged, subject to this Order and may not be disclosed
5 without the consent of the party that produced the Confidential Information or Highly
6 Confidential Information or designated the document as privileged, or court order. The person
7 subject to the subpoena or other process shall not produce or disclose the requested information
8 until ordered to do so by a court of competent jurisdiction.

9 16. No party shall be subject to sanctions under this Order so long as the party was acting in
10 good faith and immediately undertook any necessary or reasonable remedial actions.

11 17. Upon the final resolution of this litigation, the provisions of this Order shall continue to be
12 binding. This Court expressly retains jurisdiction over this action for enforcement of the
13 provisions of this Order following the final resolution of this litigation.

14 18. This Order is binding on all parties to this action and on all third parties or other non-
15 parties who have been served with a copy of this Order, and shall remain in force and effect until
16 modified, superseded, or terminated by consent of the parties or by Order of the Court.

**SO ORDERED**

DATED: October 4, 2012

*/s/ Jeffrey S. White*

~~The Honorable Jacqueline Scott Corley~~
~~United States Magistrate Judge~~
The Honorable Jeffrey S. White
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

CERTIFICATION
CASE NO. C-10-03825-JSW(JSC)

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHARLOTTE SMITH, et al., | CASE NO. C-10-03825-JSW(JSC) |
| Plaintiffs, | **CERTIFICATION** |
| vs. | |
| EBAY CORP., et al., | Judge: Hon. Jeffrey S. White |
| Defendants. | |

1.  My name is _____.

I live at_____.

I am employed as (state position) _____

by (state name and address of employer)

_____.


2.  I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date)

by_____ (signature)

CERTIFICATION
CASE NO. C-10-03825-JSW(JSC)